Shawn A. Womack, Justice, concurring in part and dissenting in part.
I agree with the majority's decision to affirm. I disagree, however, with the holding that Act 850 is a substantive law that cannot be retroactively applied. That conclusion is fatally undermined by the majority's reliance on the functional availability doctrine: the same doctrine codified by Act 850. Because it is evident that Act 850 is merely a clarification of existing law, I would hold Act 850 applies and affirm on that basis.
As the majority acknowledges, the functional availability doctrine holds that "a claim of price discrimination will not lie if the buyer failed to take advantage of a price concession which was realistically and functionally available." Bouldis v. U.S. Suzuki Motor Corp. , 711 F.2d 1319, 1326 (6th Cir. 1983). Functional availability "negates two essential elements of a [price discrimination] claim: Where a purchaser does not take advantage of a lower price or discount which is functionally available on an equal basis, it has been held that either no price discrimination has occurred, or that the discrimination is not the proximate *393 cause of the injury." Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co. , 477 F.3d 854, 865 (6th Cir. 2007) (internal quotation omitted). In other words, "a price discount equally available to all purchasers ... is not price discrimination." Metro Ford Truck Sales, Inc. v. Ford Motor Co. , 145 F.3d 320, 326 n.17 (5th Cir. 1998) (emphasis added). The reasoning underlying the doctrine is commonsensical: if the discounts "were equally available to the plaintiff, any discrimination ... suffered by the plaintiff is attributed not to the defendant's program but to the plaintiff's failure to take advantage of its opportunity to receive those prices." Smith , 477 F.3d at 866 (internal quotation omitted) (emphasis added).
Now compare that language to that codified by Act 850. The act clarifies that the Arkansas Price Discrimination Act (APDA) does not apply to "[a] discount or rebate that is offered without charge to all purchasers on an equal basis, regardless of whether the purchaser chooses to accept or fulfill any of the nonmonetary conditions for receiving the discount or rebate." Act 850 § 2 (codified at Ark. Code Ann. § 4-75-501(b)(1) (Repl. 2017) (emphasis added)). Put another way, a discount that is equally offered to all purchasers is not price discrimination under the APDA. This language does nothing more than codify the same functional availability principles adopted by the majority to affirm under the previous version of the APDA. Thus, Act 850 simply cannot be, as the majority contends, "a substantive law ... [that] defines the parameters of [the APDA] in a way that was not previous set forth in the statute."
Act 850 is instead a clarifying act. Indeed, the General Assembly made clear that Act 850 was designed to "clarify that current Arkansas law does not prohibit a retailer from offering discounts without charge on a nondiscriminatory basis[.]" Act 850 § 1(b) (emphasis added). We have held that a subsequent act "amending existing statutes may in certain instances clarify the original intent of the General Assembly in those earlier statutes." Fimpel v. State Auto. Mut. Ins. Co. , 322 Ark. 797, 803, 911 S.W.2d 950, 953 (1995). By extension, a statute that "merely clarifies, rather than changes, existing law does not operate retrospectively even if applied to transactions predating its enactment ... because the true meaning of the statute remains the same." Ark. Dep't of Corr. v. Williams , 2009 Ark. 523, at 8, 357 S.W.3d 867, 872 (internal quotation omitted). The majority's decision to judicially graft the functional availability doctrine on the prior version of the APDA illustrates that Act 850 is merely a clarification of that law. There is accordingly no need to consider whether Act 850 may apply retroactively because the true meaning of the statute-to prevent a seller from acting in a discriminatory manner-remains the same.
In sum, I would affirm on the basis that Act 850 merely clarifies the APDA by codifying the functional availability doctrine and therefore applies to the Kroger transactions predating its enactment.
Wood, J., joins.